1

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10                                         No. C 16-05737 WHA
                                           No. C 16-05738 WHA
11                                         No. C 16-05739 WHA
                                           No. C 16-05823 WHA
12                                         No. C 16-05824 WHA
                                           No. C 16-05825 WHA
13   *In re Malibu Media BitTorrent Copyright*   No. C 16-05826 WHA
     *Infringement Litigation*                  No. C 16-05827 WHA
14                                         No. C 16-05828 WHA
                                           No. C 16-05829 WHA
15                                         No. C 16-05843 WHA
                                           No. C 16-05845 WHA
16                                         No. C 16-05847 WHA
                                           No. C 16-05848 WHA
17                                         No. C 16-05849 WHA
                                           No. C 16-05850 WHA
18                                         No. C 16-05855 WHA
                                           No. C 16-05920 WHA
19                                         No. C 16-05921 WHA
                                           No. C 16-05922 WHA
20                                         No. C 16-05923 WHA
                                           No. C 16-05925 WHA
21                                         No. C 16-05926 WHA
                                           No. C 16-05927 WHA
22                                         No. C 16-05970 WHA
                                           No. C 16-05972 WHA
23                                         No. C 16-05973 WHA
                                           No. C 16-05974 WHA
24                                         No. C 16-05975 WHA
                                           No. C 16-05976 WHA
25                                         No. C 16-05977 WHA
                                           No. C 16-06106 WHA
26                                         No. C 16-06107 WHA
                                           No. C 16-06108 WHA
27                                         No. C 16-06109 WHA
                                           No. C 16-06110 WHA
28                                         No. C 16-06111 WHA
                                           No. C 16-06112 WHA
                                           No. C 16-06141 WHA

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

No. C 16-06143 WHA
No. C 16-06144 WHA
No. C 16-06146 WHA
No. C 16-06147 WHA
No. C 16-06155 WHA
No. C 16-06160 WHA
No. C 16-06239 WHA
No. C 16-06240 WHA
No. C 16-06241 WHA
No. C 16-06242 WHA
No. C 16-06243 WHA
No. C 16-06245 WHA
No. C 16-06247 WHA
No. C 16-06249 WHA

**ORDER DENYING MOTIONS
FOR LEAVE TO SERVE A
THIRD-PARTY SUBPOENA**

_____/

In each of the above-captioned cases, plaintiff Malibu Media, LLC, seeks leave to serve a third-party subpoena on the defendant's Internet service provider for the purpose of obtaining each defendant's personal information, since the defendants are currently only identifiable by the Internet Protocol address of the connection used to commit the alleged infringement. Malibu Media then looked up each defendant's IP address in a database maintained at maxmind.com to determine the location of the given IP address and the service provider that assigned that IP address. Plaintiff's counsel filed a sworn declaration averring "from the lawsuits Malibu Media has filed in California, Maxmind's geolocation data has always been 100% accurate to the state level, 100% accurate at identifying the ISP and has predicted the correct district 146 out of 147 times" (Mosesi Decl. ¶ 15). Attorney Mosesi appended a spreadsheet to back up that data, but the spreadsheet omitted dozens of cases filed in this district alone.

It appears those cases were omitted because Malibu Media never received a response from the Internet service provider in those cases, but the failure to address so many cases in this

2

district (and presumably elsewhere in California) casts significant doubt on counsel's personal knowledge of the accuracy of the Maxmind database.  Maxmind's own statements of its accuracy, restated in counsel's declaration, are hearsay.  Malibu Media has failed to provide sworn evidence to support the reliability of the Maxmind database, which is necessary to show that this Court has personal jurisdiction over each of the defendants and that venue is proper here.  Accordingly, Malibu Media's motions are **DENIED**.

This is without prejudice to a renewed motion supported by a sworn accounting of the accuracy of Maxmind (or some other database) for each and every case filed by Malibu Media in this district.

Counsel is directed *not* to lodge chambers copies of any new motions to serve a third-party subpoena.

**IT IS SO ORDERED.**

Dated:   December 1, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

3